IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN VELAYO,

    Plaintiff,

v.

KEY MANAGEMENT CO.,

    Defendant.

Case No. 24-4006-HLT-ADM

## REPORT AND RECOMMENDATION

Pro se plaintiff Benjamin Velayo brings this lawsuit against the management company of an apartment complex (it is unclear what connection Valayo has to the complex). The court previously granted Velayo leave to proceed in forma pauperis ("IFP"). (ECF 4.) As discussed in further detail below, the court now recommends that the presiding district judge dismiss Velayo's complaint.

    **I.    Legal Standards**

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[F]ederal courts are courts of limited subject-matter jurisdiction," and they "may only hear cases when empowered to do so by the

Constitution and by act of Congress." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation omitted). To proceed in federal court, a plaintiff has the burden to establish subject-matter jurisdiction, which is ordinarily accomplished through diversity jurisdiction under 28 U.S.C. § 1332 or federal-question jurisdiction under 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal-question jurisdiction exists where claims arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Although the court liberally construes a pro se plaintiff's pleadings, it does not assume the role of his advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *McCoy v. Kansas*, No. 16-2129-JAR, 2016 WL 3549100, at *2 (D. Kan. June 30, 2016) (citations omitted); *see also Tatten v. City & Cty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018).

**II.  Analysis**

In screening Velayo's form complaint, the court finds it does not clearly establish this court's subject-matter jurisdiction. Velayo checks the box to assert jurisdiction under 28 U.S.C. § 1343, indicating that there is a civil-rights violation that grants this court federal-question jurisdiction. But, other than checking that box, Velayo's complaint makes no mention of civil rights. Velayo's statement of claim merely states: "I believe that I am entitled to relief in the amount of $100,000.00 from Angie Meister or the Company she works for Key Management Company." (ECF 1, at 3.) Later in Velayo's complaint, he states that he is entitled to damages

because Meister and Key Management "done me wrong[.] I almost became homeless." (*Id.* at 4.) Velayo does not clarify, however, how Key Management "done [him] wrong."

Without alleging facts linking his claim(s) to a protected civil right, Velayo has not raised a right to relief above the speculative level. Velayo does not otherwise offer another basis for federal-court jurisdiction.[1] Because Velayo has failed to establish subject-matter jurisdiction by stating a claim on which the court may grant relief, the court recommends that the presiding district judge dismiss Velayo's complaint.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Velayo may file written objections to this report and recommendation within fourteen days after being served with a copy. If Velayo fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that Velayo's complaint be dismissed.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Velayo via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated January 23, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge

---

[1] Velayo's complaint states that both he and the defendant are citizens of Kansas, so diversity jurisdiction also does not exist. (ECF 1, at 2.)