## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BENJAMIN VELAYO,

      Plaintiff,

      v.

KEY MANAGEMENT CO.,

      Defendant.

Case No. 5:24-cv-04006-HLT-ADM

## ORDER

Plaintiff Benjamin Velayo filed this case pro se.[1] Defendant Key Management Co. is the management company of an apartment complex. Plaintiff's claim is somewhat unclear, but he appears upset with some unspecified act of Angie Meister, the apartment manager.[2] Magistrate Judge Angel D. Mitchell screened Plaintiff's case under 28 U.S.C. § 1915(e)(2)(B)(ii). This statute permits a court to dismiss a case brought in forma pauperis under certain circumstances. Judge Mitchell recommended dismissal for lack of subject-matter jurisdiction in a Report and Recommendation ("R&R") issued on January 23, 2024. Doc. 5.

The R&R notes that Plaintiff's form complaint does not clearly establish this Court's subject-matter jurisdiction. Plaintiff checked the box for a civil-rights violation that grants this Court federal-question jurisdiction. But there is no other mention of civil rights. Plaintiff merely states that he believes he is entitled to "relief in the amount of $100,000 from Angie Meister or the Company she works for Key Management Company." Doc. 1 at 3. He asserts that Meister and

---

[1]    The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

[2]    Doc. 9 suggests that Plaintiff claims Defendant denied his rental application based on inaccurate information. But this allegation is not included in Plaintiff's complaint.

Key Management have wronged him and that he almost became homeless. *Id.* at 4. But these facts do not link Plaintiff's claim to a protected civil right. And he offers no other basis for jurisdiction. The magistrate judge therefore recommended that the undersigned judge dismiss the complaint. Doc. 5 at 3. She cautioned Plaintiff that he must file written objections to the R&R within 14 days if he wants appellate review of the recommended disposition. *Id*. at 7-8. Plaintiff filed objections on February 13 and 16. Doc. 8. Plaintiff's objections are timely because the Court extended his time to object after Plaintiff notified the Court that his original objection has been stolen . Doc. 7.

The Court may screen the complaint of a plaintiff who proceeds in forma pauperis. The Court may then dismiss the complaint if it determines that the action fails to state a claim on which relief may be granted.[3] And the Court <u>must</u> dismiss the complaint if it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A magistrate judge who completes the initial review must issue an R&R for a decision by the district judge because this is a dispositive matter. The district judge reviews de novo those portions of the magistrate judge's R&R to which written objections have been made. Fed. R. Civ. P. 72(b)(3). If no specific objections are timely made, the district judge may review the R&R under any standard she finds appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The undersigned has reviewed the complaint, the R&R, and Plaintiff's objections de novo. Plaintiff objects simply that the magistrate judge "didn't understand about [his] situation on unfair housing from Angie Meister, apartment manager and the Key Management Company that she works for them." Doc. 8 at 1. He expanded his objection slightly in his second filing: "Defendants

---

[3]   There are also other grounds for dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

denied my rental application on . . . inaccurate information about me . . . [treating] lease non-renewal [as] the same thing as an eviction. I almost became homeless . . . ." Doc. 9 at 1. These statements represent the entirety of Plaintiff's objections.

The Court determines after a de novo review that Plaintiff has not established this Court's subject-matter jurisdiction (either in his complaint or after considering his objections) and that the R&R should be adopted. The magistrate judge clearly identified the problem with Plaintiff's complaint: it failed to identify a basis for jurisdiction. Plaintiff's objections do nothing to establish that the Court does, in fact, have jurisdiction. He cites no federal statute or any other facts that would plausibly state a claim under a federal statute, giving this Court federal-question jurisdiction. And his complaint does not assert diversity of citizenship. To the contrary, it alleges that both sides are citizens of Kansas. Plaintiff has not alleged facts from which this Court can find subject-matter jurisdiction. Dismissal without prejudice is required.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 5) is ADOPTED as the order of the Court.

THE COURT FURTHER ORDERS that Plaintiff's claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The case is closed.

IT IS SO ORDERED.

Dated: February 20, 2024                    /s/ *Holly L. Teeter*
                                            HOLLY L. TEETER
                                            UNITED STATES DISTRICT JUDGE